**SCHIAN WALKER, P.L.C.**
1850 NORTH CENTRAL AVENUE, #900
PHOENIX, ARIZONA 85004-4531
TELEPHONE: (602) 277-1501
FACSIMILE: (602) 297-9633
E-MAIL: ecfdocket@swazlaw.com
SCOTT R. GOLDBERG, #015082
CODY J. JESS, #025066
Attorneys for Lawrence E. Pritchard, as
  Trustee of the Pritchard Charitable Remainder
  Unitrust dated December 29, 1994

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. 2-13-bk-19796-RJH |
| MICHELLE LEE WAGNER, | CHAPTER 7 |
| Debtor. | Adversary No. 2-14-ap-00149 |
| LAWRENCE E. PRITCHARD, as trustee of the PRITCHARD CHARITABLE REMAINDER UNITRUST DATED DECEMBER 29, 1994, | **MOTION FOR AN ORDER COMPELLING DISCOVERY AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37** |
| Plaintiff, | |
| vs. | |
| MICHELLE LEE WAGNER, | |
| Defendant. | |

Pursuant to Fed. R. Civ. P. 37, made applicable in these proceedings by Fed. R. Bankr. P. 7037, plaintiff Lawrence E. Pritchard, as trustee of the Pritchard Charitable Remainder Unitrust dated December 29, 1994 (the "**Trust**"), files this *Motion for an Order Compelling Discovery and for Sanctions Pursuant to Fed. R. Civ. P. 37* (the "**Motion**"), requesting that the Court (1) compel defendant Michelle Lee Wagner (the "**Debtor**") to substantively respond to the discovery the Trust has propounded upon her (the "**Discovery**"), and (2) enter an order sanctioning the Debtor and her counsel, Murray Zeigler ("**Zeigler**"), for refusing to adequately respond to the Discovery. This Motion is more fully supported by the attached Memorandum of Points and Authorities, the Certification required

00270889.4

pursuant to Fed. R. Civ. P. 37(d)(1)(B), and Local Rule of Bankruptcy Procedure for the District of Arizona 9013-(1)(e), attached hereto as Exhibit "A," copies of the Discovery propounded upon Wagner, attached hereto as Exhibit "B," a copy of the Debtor's response to *Request for Admissions* in Case No. CV2013-003746, attached hereto as Exhibit "C," copies of the Debtor's responses to the Discovery (the "**Responses**"), attached hereto as Exhibit "D," redacted time sheets for the preparation of this Motion, attached hereto as Exhibit "E," and the entire relevant record in the above-captioned administrative case and adversary proceeding.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTUAL BACKGROUND

1. In or around 2005, the Debtor and CreCon, LLC d/b/a Creative Consulting, LLC ("**CreCon**") solicited a $400,000 loan from the Trust (the "**Loan**").[1]

2. At the time the Debtor and CreCon solicited the Loan from the Trust, the Debtor was acting as the Trust's financial advisor and, as such, the Trust's fiduciary.

3. It was represented to the Trust that the Loan would be secured by two commercial office condominiums. Unbeknownst to the Trust, the Loan was not secured by two commercial office condominiums.

4. After the Trust made the Loan, the Debtor and CreCon defaulted on the Loan.

5. In June, 2013, the Trust commenced litigation against the Debtor and CreCon in Maricopa County Superior Court, Case No. CV2013-003746 (the "**State Court Action**"), to recover the deficiency on the amounts due under the Loan.

6. Thereafter, on November 14, 2013, the Debtor filed for bankruptcy protection.

7. The Trust later obtained judgment against CreCon.

8. On February 14, 2014, the Trust filed a complaint against the Debtor, thereby initiating

---

[1] The Debtor testified at her 2004 examination, which the Trust conducted on February 13, 2014, that CreCon, an Arizona limited liability company, does business as "Creative Consulting" and "Creative Consulting, LLC." A copy of the relevant portion of the transcript is attached hereto as Exhibit "F."

the above-captioned adversary proceeding, seeking to hold the Debtor's debt to the Trust non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(4), and 523(a)(6).

9. On July 11, 2014, the Trust propounded the following Discovery upon the Debtor:

(a) *Request for Production of Documents Propounded Upon Defendant*;

(b) *Requests for Admission Propounded Upon Defendant*; and

(c) *Non-Uniform Interrogatories Propounded Upon Defendant*.

*See generally* Exhibit B.

10. On August 11, 2014, the Debtor provided her verified Responses to the Discovery. *See generally* Exhibit C.

11. On August 14, 2014, undersigned counsel contacted Mr. Zeigler through e-mail, informing Mr. Zeigler that the communication was made pursuant to Fed. R. Civ. P. 37(a)(1), that the Responses were non-responsive, incomplete, and evasive, and that if the Debtor did not timely amend the Responses, this Motion would be filed:

> Pursuant to Fed. R. Civ. P. 37(a)(1), made applicable here by Fed. R. Bankr. P. 7037, this constitutes my attempt to confer with you regarding your client's failure to make adequate disclosure. Not only are several of Ms. Wagner's responses directly contradicted by her deposition testimony, but her responses do not comply with Fed. R. Civ. P. 36(a)(4) and 33(b)(3), made applicable here by Fed. R. Bankr. P. 7036 and 7033, respectively. Your client's denial of our requests for admissions "must fairly respond to the substance of the matter," and her answers to our non-uniform interrogatories must be answered "fully in writing." *Id*. Your client's denials and answers to our NUIs are nonresponsive, incomplete, and evasive.
>
> If your client fails to provide amended responses within a mutually agreeable time, or if I do not receive a response from you within one week of today's date, I will file a motion for an order compelling disclosure under Rule 37. As you know, if the motion is granted, the Court must, subject to certain exceptions that are likely not applicable here, require your client, you, or both, to pay Dr. Pritchard's fees and costs in bringing the motion. *See* Fed. R. Civ. P. 37(a)(5); *see also* Fed. R. Civ. P. 37(c)(2).

*See* attachment to Exhibit A (Jess email of August 14, 2014 at 2:06 p.m.) (emphasis in original).

12. Between August 14 and August 19, 2014, undersigned counsel attempted to consensually resolve the discovery dispute with Zeigler. *Id.* Zeigler refused to discuss the dispute over the telephone:

-3-

"As you are now threatening additional litigation, it is in everyone's best interests to limit our communications to those in writing. I will not be calling you to discuss this, or any other matter." *Id.* (Zeigler email of August 14, 2014 at 3:21 p.m.)

13. Among other things, undersigned counsel:

    (a) alerted Zeigler to the fact that the Responses were contradicted by the Debtor's earlier deposition testimony and her discovery responses in the State Court Action;

    (b) advised Zeigler that if, for example, the Debtor denied any of the Trust's Requests for Admissions, those denials needed to be explained and supported by something more than a general denial and a general reference to scads of documents, as requested in the Trust's Non-Uniform Interrogatories;

    (c) advised Zeigler as to how the Discovery should be answered; and

    (d) provided Zeigler with copies of the Debtor's deposition testimony, prior responses to the Trust's discovery in the State Court Action, and a redacted response to discovery in another matter in an attempt to educate Mr. Zeigler as to how to properly answer the Trust's Discovery under the applicable rules.

*See generally id.*

14. Despite undersigned counsel's efforts, Zeigler affirmatively "stood by" the Reponses: "Although you allege violations of multiple rules, you state nothing that backs up your allegation of non-compliance. ***I stand by my client's responses***." *Id*. (Zeigler email of August 14, 2014 at 3:21 p.m.) (emphasis added).

15. As a result of the Debtor's and Zeigler's unwillingness to amend the Responses, the Trust files this Motion.

///

///

///

///

///

## II. RELIEF REQUESTED

### A. The Court Should Compel the Debtor to Substantively Respond to the Trust's Discovery.

Pursuant to Fed. R. Civ. P. 37(a)(1), made applicable here by Fed. R. Bankr. P. 7037, "On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." The Responses do not comply with Fed. R. Civ. P. 33(b)(3) and 36(a)(4), made applicable here by Fed. R. Bankr. P. 7033 and 7036, respectively. The Debtor's denial of the Trust's Requests for Admissions "must fairly respond to the substance of the matter" (Rule 7036(a)(4)), and her answers to the Trust's Non-Uniform Interrogatories must be answered "fully in writing." Rule 7033(b)(3). Instead, the Responses to the Discovery are nonresponsive, incomplete, and evasive. *See* Rule 7037(a)(4) ("For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer or response."). *See generally* Exhibit D.

For example, not one of the Debtor's denials of the Trust's Request for Admissions are explained or supported as the Trust requested in its Non-Uniform Interrogatories. *Id*. In response to the Trust's Non-Uniform Interrogatories, the Debtor simply lists scads of documents, many of which are not even included in the Debtor's Response to the Trust's Request for Production of Documents. *Compare* Response to Non-Uniform Interrogatories *with* Response to Request for Production of Documents. When asked, for example, why the Debtor was denying that CreCon was doing business as Creative Consulting, LLC, when the Debtor had previously testified that CreCon was in fact doing business as Creative Consulting, LLC, and had previously admitted the same in the State Court Action (*see generally*, *e.g.*, Exhibit C), Zeigler's response was wholly evasive:

> I can't speak to the responses from the state court action; I wasn't involved in that. One response was from November 2013 and the other was from August 2014. Things change. That doesn't mean there are inconsistent or untruthful answers. In THIS case, you assert, "CreCon, LLC does business as Creative Consulting." The answer is NO. At the present moment (does), CreCon isn't doing business at all. You KNOW CreCon shut down all business operations and closed its bank accounts. You noted that fact in your own pleadings. Moreover, you noted the closing of the CreCon website.

*See* attachments to Exhibit A (Zeigler email of August 15, 2014 at 12:29 p.m.). [2]

With respect to the Debtor's Response to the Trust's Non-Uniform Interrogatories, Mr. Zeigler's response was, likewise, more gamesmanship: "Similarly, your NUIs demand that we state, "all facts" and produce, "all documents." How did we not do that? The facts are contained in the documents. The documents have been produced. There is no requirement for us to "reproduce" the facts and the documents. You have what you asked for." *See* attachments to Exhibit A (Zeigler email of August 15, 2014 at 12:29 p.m.).

"Parties are prohibited from using discovery as a form of gamesmanship to avoid disclosures." *Agyeman v. Bohl*, 1:99CV5913WMW PC, 2008 WL 4104313, at *2 (E.D. Cal. Sept. 3, 2008) (citing *Tiedman v. American Pigment Corp.*, 253 F.2d 803, 808 (4th Cir. 1958)).

> The purpose of discovery is to narrow issues, obtain evidence that may be used at trial and to obtain information as to the existence and location of evidence that may be used at trial. *Wood v.Todd Shipyards*, 45 F.R.D. 363, 364 (S.D. Tex. 1968); *Beirne v. Fitch Sanitarium, Inc.*, 20 F.R.D. 93, 94 (S.D.N.Y. 1957.) [The purpose of discovery is to locate relevant facts and to determine where evidence may be located]; *Jackson v. Kroblin Refrigerated Xpress, Inc.*, 49 F.R.D. 134, 135-136 (N.D. W.Va. 1970) [Discovery to identify persons with knowledge of relevant facts is proper]. Requiring discovery occur well before trial is designed to provide the parties the most complete knowledge of facts to prevent surprise and a miscarriage of justice. *Burke v. Fire Underwriters Ass'n*, 21 F.R.D. 583 (W.D. Mo. 1958.) [Purpose of discovery is to eliminate surprise at tria]; *U.S. v. 50.34 Acres of Land, More or Less in Village of East Hills, Nassau County*, N.Y. 13 F.R.D. 19, 21 (E.D.N.Y. 1952) [The admissibility of evidence is not a prerequisite to discovery.]
>
> The disputed interrogatories, if answered directly, would provide defendants the ability to prepare their case and would eliminate surprise. Without further clarification, defendants are unable to determine fully plaintiff's claims and the evidence on which he relies to support these claims.

*Id*.

---

[2] While the Trust is aware that the Debtor closed CreCon's bank accounts and fraudulently transferred the funds therein to herself post-petition (*see* DE 60), until Zeigler's response above, the Trust was unaware that CreCon d/b/a had ceased operations altogether.

The Trust was defrauded out of $400,000.00. The Debtor disputes that her debt to the Trust is not dischargeable. The Trust has an absolute right to determine fully the basis of the Debtor's defenses to the Trust's claims and the evidence on which she relies to support those defenses. The Debtor's Responses fall woefully short of what the Rules require. Undersigned counsel has, in good faith, conferred with the Debtor's counsel in an effort to obtain complete responses to the Discovery without this Court's intervention. Despite undersigned counsel's efforts, the Debtor refuses to provide complete responses to the Discovery. As such, the Trust respectfully requests that the Court enter an order compelling the Debtor to comprehensively respond to the Discovery including, among other things, ordering the Debtor to:

1. Provide copies of every single document the Debtor relies upon in support of her responses to the Discovery, and not just identification thereof;

2. Admit every one of the Trust's Requests for Admissions. Where the Debtor denies a Request for Admission, that she provide responses complaint with the Non-Uniform Interrogatories the Trust has propounded upon her; and

3. Completely answer each of the Trust's Non-Uniform Interrogatories in manner that comports with the "Instructions" thereto.

**B.** **The Court Should Sanction the Debtor and Zeigler for Their Refusal to Comply With the Trust's Discovery.**

Subject to certain exceptions not applicable here, Fed. R. Civ. P. 37(a)(5) provides that if the Court grants this Motion, the Court *must*, after giving an opportunity to be heard, require the other party whose conduct necessitated the motion, the attorney advising that conduct, or both, pay the movant's reasonable expenses incurred in making the motion, including attorneys' fees. The Trust is entitled to its reasonable attorneys' fees in bringing this Motion. Both the Debtor *and* Zeigler are responsible for paying those fees.

The Trust, through undersigned counsel, went to herculean efforts to encourage the Debtor and her counsel to provide complete discovery responses, including providing written examples and form discovery responses. For example, undersigned counsel provided a redacted copy of a response to non-

uniform interrogatories in another matter, stating that "A proper response to NUIs is attached. Where your client denies one of our RFAs, she needs to explain, in narrative fashion, and with supporting documentation (and not just the document, but WHERE in the document), the basis for the denial." *See* attachments to Exhibit A (email from undersigned counsel to Zeigler dated August 15, 2014 at 2:39 p.m.).

Moreover, undersigned counsel also went to great lengths to advise Zeigler of his ***own liability*** if he did not encourage his client to provide complaint responses:

> Given the fact that you affirmatively 'stand by [your] client's responses,' you personally, as Ms. Wagner's attorney, are particularly liable for sanctions. I'd prefer, however, not to go that route. I'm not trying to be difficult, but I'm entitled to discovery as the rules permit.
>
> …
>
> I think you're making a mistake here, Murray. I hate to ask for sanctions against you personally, but your refusal to respond as the rules require leaves me no choice. You clearly know how to instruct your client how to respond, as you did so earlier with respect to my RFA regarding CreCon. All you need to do if the answer to and RFA is 'No' is explain why, and reference the documents that support your denial.

*See id*. (emails from undersigned counsel to Zeigler dated August 15, 2014 at 10:40 a.m., and August 19, 2014 at 12:59 p.m., respectively) (emphasis in original). Despite undersigned counsel practically begging Zeigler to counsel his client to amend the Responses, Zeigler steadfastly refused to do so. Accordingly, upon granting this Motion, the Trust respectfully requests that the Court enter an order assessing monetary sanctions against both the Debtor and Zeigler in an amount of not less than $1,612.50 as set forth in Exhibit E.

### III. CONCLUSION

As the Trust stated to Zeigler at the outset of this dispute, the Trust is not trying to be difficult or, as Zeigler has alleged, "harass" his client. The Trust simply seeks to obtain the reasonable discovery that it is permitted under the Rules. The Trust has spent several hours trying to obtain that discovery without Court intervention, to no avail. Further, the Trust has gone out of its way to educate the Debtor

-8-

and her counsel as to how to respond to the Discovery in an attempt to avoid having to file this Motion. Despite the Trust's efforts, the Debtor and Zeigler refuse to comply. Based on the foregoing, the Trust respectfully requests that the Court enter an order compelling the Debtor to provide responses to the Discovery in a manner consistent with the Rules and pursuant to the contours requested herein and, as a sanction for the Debtor's and Zeigler's conduct, award the Trust its attorneys' fees for bringing this Motion.

DATED this 27th of August, 2014.

SCHIAN WALKER, P.L.C.

By /s/ CODY J. JESS, #025066
Scott R. Goldberg
Cody J. Jess
Attorneys for Lawrence E. Pritchard, as Trustee of the Pritchard Charitable Remainder Unitrust dated December 29, 1994

COPY of the foregoing
emailed this 27th day
of August, 2014, to:

J. Murray Zeigler, Esq.
Zeigler Law Group, PLC
229 West La Vieve Lane
Tempe, Arizona 85284-3022
Attorneys for Defendant Michelle Lee Wagner
murray@zeiglerlawgroup.com

/s/ JULIE LARSEN