J. Murray Zeigler, AZ Bar #012427
**ZEIGLER LAW GROUP, PLC**
229 W. La Vieve Lane
Tempe, AZ 85284-3022
Telephone: (480) 888-6269
Facsimile: (888) 457-0409
murray@zeiglerlawgroup.com
Attorney for Debtor

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| **MICHELLE LEE WAGNER,** | **Case No. 2-13-bk-19796-MCW** |
| Debtor. | **Adversary No. 2-14-ap-00149-MCW** |
| **LAWRENCE E. PRITCHARD, as trustee of the PRITCHARD CHARITABLE REMAINDER UNITRUST DATED DECEMBER 29, 1994**, | **DEFENDANT MICHELLE WAGNER'S SEPARATE STATEMENT OF FACTS OBJECTING TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** |
| Plaintiff, | |
| v. | |
| **MICHELLE LEE WAGNER,** | |
| Defendant. | |

Debtor/Defendant Michelle Lee Wagner ("Wagner"), through her undersigned counsel, hereby submits her Separate Statement of Facts Objecting to Plaintiff's Motion for Summary Judgment.

1. Michelle L. Wagner has been an Arizona resident at all relevant times, i.e. from November 21, 2003 to the present. *See* "Joint Fact Stipulations" entered in *In re Michelle Lee Wagner* (CRD No. 2403647), Docket No. S020916A-14-0328, attached as Exhibit "A" at p. 1, ¶ 1; Declaration of Michelle L. Wagner, ¶ 3.

In re Wagner     Defendant's Separate Statement of Facts - 1     Case No. 2-13-bk-19796-MCW
Adversary No. 2-14-ap-00149-MCW
Case 2:14-ap-00149-MCW   Doc 83   Filed 09/04/16   Entered 09/04/16 23:42:09   Desc
Main Document    Page 1 of 11

2. From 1998 to the present, Wagner, CRD No. 2403647, has been registered as a securities salesman in Arizona. *See* Exhibit "A" at p. 1, ¶ 2; "Examination Under Oath of Michelle Lee Wagner" taken in *In the Matter of the Investigation of: Michelle Lee Wagner, Arizona Corporation Commission Securities Division File No. 8490* on September 4, 2014 attached as Exhibit "D" at p. 11 line 12 through 15; Declaration of Michelle L. Wagner, ¶ 4.

3. Beginning in November 2003, Plaintiff, Lawrence Pritchard ("Pritchard"), an Arizona resident, became a customer of Wagner's. *See* Exhibit "A" at p. 1, ¶ 3; Exhibit "D" at p. 22 lines 9 through 12; Declaration of Michelle L. Wagner, ¶ 5.

4. While Wagner was not a "relative" of Pritchard, she had a long term relationship with Pritchard's family. Wagner was considered by Pritchard to be a family member since 1991, long before the loan arrangement between Pritchard and Wagner. *See* "Respondent's Post-Hearing Brief" entered in *In re Michelle Lee Wagner* (CRD No. 2403647), Docket No. S020916A-14-0328, attached as Exhibit "B" at p. 3, ¶ 1; Exhibit "D" at p. 22 lines 9 through 12; Declaration of Michelle L. Wagner, ¶¶ 6 and 7.

5. When Wagner agreed to become Pritchard's financial advisor, Pritchard's investment goals included obtaining investments which would produce a stream of income. *See* Exhibit "B" at p. 3, ¶ 2; Exhibit "D" at p. 22 line 23 through page 24 line 25; Declaration of Michelle L. Wagner, ¶ 8.

6. Pritchard continued to be Wagner's customer through 2012. *See* Exhibit "A" at p. 1, ¶ 4; Declaration of Michelle L. Wagner, ¶ 9.

7. With Pritchard as her customer, Wagner managed a portion of Pritchard's accounts, Pritchard's retirement accounts, and accounts and investments of Pritchard's charitable remainder trust (the "Trust"). *See* Exhibit "A" at p. 1, ¶ 5;

Exhibit "D" at p. 22 line 23 through page 24 line 25; Declaration of Michelle L. Wagner, ¶ 10.

8. Pritchard was the sole trustee of the Trust and acted on its behalf. *See* Exhibit "A" at p. 1, ¶ 7; Exhibit "D" at p. 22 line 23 through page 24 line 25; Declaration of Michelle L. Wagner, ¶ 11.

9. In May 2005, Wagner, dba Creative Consulting, borrowed $400,000 from the Trust. *See* Exhibit "A" at p. 2, ¶ 9; Exhibit "D" at p. 32 line 20 through page 344 line 16; Declaration of Michelle L. Wagner, ¶ 12.

10. Wagner did not "solicit" or request the loan from Pritchard. Pritchard offered to make the loan to Wagner as a financial investment for the benefit of his personal Trust. *See* Exhibit "B" at p. 3, ¶ 3; Exhibit "D" at p. 34 line 17 through p. 35, line 25; Declaration of Michelle L. Wagner, ¶ 13.

11. The loan from Pritchard to Wagner was consistent with Pritchard's investment goals and Wagner believed the loan was in Pritchard's best interests. *See* Exhibit "B" at p. 3, ¶ 4; Exhibit "D" at p. 26 line 19 through p. 27, line 3; Declaration of Michelle L. Wagner, ¶ 14.

12. At the time the loan was made, Wagner was unaware such a loan transaction violated A.R.S. § 44-1962(10) and Arizona Administrative Code ("AAC") Rule R14-4-130(A)(15). See Exhibit "B" at p. 3, ¶ 5; Declaration of Michelle L. Wagner, ¶ 15.

13. The $400,000 loan was for the purchase and tenant improvements of an office condominium in Scottsdale. *See* Exhibit "A" at p. 2, ¶ 11; Declaration of Michelle L. Wagner, ¶ 16.

14. Wagner purchased the office in May 2005. Title to the office condominium was in the name of Michelle Wagner. Wagner caused the tenant improvements to be built in the office and used it as her place of business until 2013. *See* Exhibit "A" at p. 2, ¶ 12; Declaration of Michelle L. Wagner, ¶¶ 17 and 18.

15. Wagner did not receive any money or personal benefit from the loan. All funds from the loan were used exclusively for the purchase and subsequent build out of the office condo to be used as Wagner's primary place of business. *See* Exhibit "B" at p. 4, ¶ 6; Declaration of Michelle L. Wagner, ¶ 19.

16. The loan was evidenced by a Note Secured by Deed of Trust and a Deed of Trust and Assignment of Rents. Both documents are dated May 16, 2005. Under the terms of the note, Wagner was required to pay the Trust annual interest of 4% or $1,333,33 per month. The office condominium was the only collateral securing Wagner's obligations under the 2005 note. This Deed of Trust was not recorded. *See* Exhibit "A" at p. 2, ¶ 13; Exhibit "D" at p. 32 line 20 through page 34 line 16; Declaration of Michelle L. Wagner, ¶ 20.

17. A second Promissory Note and a second Deed of Trust, both dated June 1, 2008, replaced the first Promissory Note and first Deed of Trust. Wagner was solely and personally liable for repayment of the Promissory Note. Creative Consulting was not a party to the second Promissory Note and second Deed of Trust. Under the terms of this note, Wagner would pay the Trust 4.5 % annual interest or $1,500 per month for 24 months. At the end of that period all unpaid interest and principal would be due. This deed of trust also listed the office condominium as the only collateral securing Wagner's obligations under the 2008 note. This deed of trust was recorded with the Maricopa County Recorder at Instrument No. 2008-0529403on June 1, 2008. *See* Exhibit "A" at p. 2, ¶ 14; Exhibit "D" at p. 38 line 18 through page 41 line 7; Declaration of Michelle L. Wagner, ¶ 21.

18. The parties agreed to a modification to the 2008 Note and Deed of Trust on or around August 1, 2011. At this time, the Trust and Wagner personally executed a document titled "Extension of Real Estate Note and Deed of Trust Lien." Under this document, Wagner would pay the Trust $1,500 a month through December 30, 2012.

*See* Exhibit "A" at p. 2, ¶ 15; Exhibit "D" at p. 41 line 10 through page 43 line 21; Declaration of Michelle L. Wagner, ¶ 22.

19. For more than 7 years Wagner paid Pritchard all payments pursuant to the loan documents. In December 2012 Pritchard unilaterally refused to extend the loan due date. Over the 7 year period, Wagner paid Pritchard more than $121,333.24. *See* Exhibit "B" at p. 4, ¶ 7; Declaration of Michelle L. Wagner, ¶ 23.

20. Pritchard did not offer to renew or extend the loan past December 30, 2012. The Trust demanded that the entire principal amount, $400,000, be paid on the due date. *See* Exhibit "A" at p. 2, ¶16; Exhibit "D" at p. 43 line 22 through page 46 line 12; Declaration of Michelle L. Wagner, ¶ 24.

21. Wagner attempted to refinance the loan or obtain a new loan on the office condo. She was unable to do so due to loss of value of the property during the collapse of the real estate market occurring at the time Pritchard called the note due. *See* Exhibit "B" at p. 4, ¶ 9; Exhibit "D" at p. 43 line 22 through page 46 line 12; Declaration of Michelle L. Wagner, ¶ 25.

22. Wagner was not responsible for the loss of market value of the property. *See* Exhibit "B" at p. 4, ¶ 10; Declaration of Michelle L. Wagner, ¶ 26.

23. On April 30, 2013, the Trust conducted a Trustee Sale on the property that was the security in the 2008 Deed of Trust. The sale price at the Trustee Sale was $152,000. *See* Exhibit "A" at p. 3, ¶ 17; Exhibit "D" at p. 46 lines 13 through 19; Declaration of Michelle L. Wagner, ¶ 27.

24. Four months after foreclosing on the property, Pritchard sold the property for $180,000.00. *See* Exhibit "B" at p. 4, ¶ 11; Declaration of Michelle L. Wagner, ¶ 28.

25. Pritchard "loaned" the purchase price to the subsequent buyers of the office condo through a "seller carryback" arrangement. *See* Exhibit "B" at p. 4, ¶ 12; Declaration of Michelle L. Wagner, ¶ 28.

In re Wagner     Defendant's Separate Statement of Facts - 5     Case No. 2-13-bk-19796-MCW
Adversary No. 2-14-ap-00149-MCW
Case 2:14-ap-00149-MCW    Doc 83    Filed 09/04/16    Entered 09/04/16 23:42:09    Desc
Main Document     Page 5 of 11

26. Pritchard continues to receive monthly payments on the resale of the office condo which continues to provide a stream of in come to Pritchard on his investment. *See* Exhibit "B" at p. 4, ¶ 13; Declaration of Michelle L. Wagner, ¶ 29.

27. At no time did Wagner intend for Pritchard to suffer harm. *See* Exhibit "B" at p. 4, ¶ 14; Declaration of Michelle L. Wagner, ¶ 30.

28. On June 26, 2013, Pritchard commenced litigation against Wagner and her business, Creative Consulting, in the Maricopa County Superior Court for "Breach of Contract: Deficiency Action (A.R.S. § 33-814)" captioned ***Lawrence Pritchard v. Michelle Wagner, et al.***, case number CV2013-003746. *See* Exhibit "B" at p. 5, ¶ 16; Declaration of Michelle L. Wagner, ¶ 31.

29. Wagner was unable to financially support an aggressive defense to Pritchard's Superior Court proceeding or to pay the deficiency claim. Wagner was forced to file for bankruptcy protection on November 14, 2013. *See* Exhibit "B" at p. 5, ¶ 17; Declaration of Michelle L. Wagner, ¶ 32.

30. Prior to filing the instant adversary proceeding, Pritchard had never alleged Wagner had committed fraud, acted improperly, misappropriated Pritchard's money loaned to her or otherwise breached her fiduciary obligations to him in any manner. *See* Declaration of Michelle L. Wagner, ¶ 33.

31. Wagner received a discharge of her debts on February 27, 2014. *See* Exhibit "B" at p. 5, ¶ 18; Declaration of Michelle L. Wagner, ¶ 34.

32. Wagner has never made any other violation of any statute, rule or regulation in the 17 years she has been a registered securities salesman in Arizona. *See* Exhibit "B" at p. 5, ¶ 20; "Reporter's Transcript of Evidentiary Hearing," taken in ***In the Matter of the Investigation of: Michelle Lee Wagner***, Arizona Corporation Commission Securities Division File No. 8490 on March 4, 2015 attached as Exhibit "E" at p. 20 lines 11 through 14; Exhibit "D" at p. lines 20 through 23; Declaration of Michelle L. Wagner, ¶ 35.

33.     In June 2014, after entry of Wagner's Chapter 7 Discharge and the filing on the instant adversary proceeding, Pritchard also filed a complaint against Wagner with the Securities Division of the Arizona Corporation Commission ("AZSEC") complaining of the same events that are the subject of the instant adversary proceeding. *See* Exhibit "B" at p. 23 lines 1 through 6; Declaration of Michelle L. Wagner, ¶ 36.

34.     On or about August 13, 2014 Wagner was served with a Subpoena compelling her appearance at the offices of the AZSEC to give testimony, "involving possible violations of the Securities Act and/or Investment Management Act of Arizona." *See* Subpoena and Cover Letter dated August 13, 2014 attached as Exhibit "C"; Declaration of Michelle L. Wagner, ¶ 37.

35.     During the interview conducted by the AZSEC, Wagner was questioned extensively regarding her business dealings with Pritchard. Wagner readily admitted she had received the loan from Pritchard some 9 years earlier and that she was not aware until recently that such a loan transaction violated A.R.S. § 44-1962(10) and Arizona Administrative Code ("AAC") Rule R14-4-130(A)(15). *See* Exhibit "B" at p. 3, ¶ 5; Declaration of Michelle L. Wagner, ¶ 38.

36.     On or about September 11, 2014, the AZSEC filed a "Notice of Opportunity for Hearing Regarding Proposed Order of Revocation/Suspension, to Cease and Desist, for Restitution, and for Administrative Penalties" (the "AZSEC Complaint") against Wagner. Following the extensive investigation into Wagner's conduct, the sole ground for complaint by the AZSEC stated, "Respondent's conduct is grounds to revoke or suspend her registration as a securities salesman with the Commission pursuant to A.R.S. § 44-1962(A)(10) and A.C.C. R14-4-130(15). Specifically, Wagner has borrowed money from her customer who, at the time of the loans to her, was neither a relative of hers nor a person in the business of lending funds." See "Notice of Opportunity for Hearing Regarding Proposed Order of Revocation/Suspension, to

Cease and Desist, for Restitution, and for Administrative Penalties," filed in *In re Michelle Lee Wagner* (CRD No. 2403647), Docket No. S020916A-14-0328, attached as Exhibit "F" at p. 3, ¶ 18; Declaration of Michelle L. Wagner, ¶ 39.

37. On or about September 11, 2014, Wagner filed an Answer to the AZSEC Complaint admitting that Pritchard had financed the purchase of Wagner's office space and that Pritchard was not a "family member." *See* "Respondent's Answer to Notice of Opportunity for Hearing Regarding Proposed Order of Revocation/Suspension, to Cease and Desist, for Restitution, and for Administrative Penalties," filed in *In re Michelle Lee Wagner* (CRD No. 2403647), Docket No. S020916A-14-0328, attached as Exhibit "G"; Declaration of Michelle L. Wagner, ¶ 40.

38. Following a hearing the Arizona Corporation Commission issued its Opinion and Order on or about April 22, 2016. *See* "Opinion and Order" filed in *In re Michelle Lee Wagner* (CRD No. 2403647), Docket No. S020916A-14-0328, attached as Exhibit "H"; Declaration of Michelle L. Wagner, ¶ 42.

39. The Corporation Commission found:

    a. The Division contends that Ms. Wagner engaged in dishonest or unethical practices in the securities industry by borrowing $400,000 from a customer, in violation of 28 A.R.S. § 44-1962(A)(l0) and A.A.C. R14_4-130(A)(15). *See* Exhibit "H" at p. 2, lines 26-28.

    b. The Respondent concedes having obtained a loan from a customer, the action alleged by the Division as the basis of the violation. However, the Respondent contends that the totality of the circumstances warrants the imposition of lesser sanctions than those sought by the Division. *See* Exhibit "H" at p. 3, lines 4-6.

In re Wagner     Defendant's Separate Statement of Facts - 8     Case No. 2-13-bk-19796-MCW
Adversary No. 2-14-ap-00149-MCW
Case 2:14-ap-00149-MCW   Doc 83   Filed 09/04/16   Entered 09/04/16 23:42:09   Desc
Main Document   Page 8 of 11

c. . . . Mr. Morin did a background investigation of Ms. Wagner based upon a complaint filed by Mr. Pritchard. *See* Exhibit "H" at p. 4, lines 1-2.

d. Ms. Wagner did not personally receive any of the money from the loan. *See* Exhibit "H" at p. 5, line 20 and p. 6, line 1.

e. Ms. Wagner testified that when Mr. Pritchard called the note, she could not have obtained financing for a $400,000 mortgage because the property value had dropped to approximately $230,000.00. *See* Exhibit "H" at p. 7, lines 5-7.

f. The parties have stipulated to facts comprising the elements of the violation alleged by the Division. The Respondent "acknowledges and admits that she obtained a personal loan secured by a Deed of Trust from a non-relative not in the business of making 1oans." Accordingly, we find that the Respondent violated A.R.S. §44-1962(A)(l0) and A.A.C. R14-4-130(A)(15). *See* Exhibit "H" at p. 8, lines 11-14.

g. We find that harsher remedies imposed in past Commission orders are not necessary to protect the public interest in this case for the following reasons: the Respondent has committed only one violation, in 2005, while having been registered as a securities salesman in Arizona since 1998, no allegation has been made that the Respondent committed fraud, and the Respondent made ongoing payments to the investor pursuant to the note. Accordingly, in weighing the aggravating and mitigating factors presented in this case, we conclude that a thirty day suspension of the Respondent's registration is appropriate. *See* Exhibit "H" at p. 18, lines 22-28.

i. Under A.R.S. § 44-1962, restitution is a mechanism by which the Commission may act to correct the conditions resulting from the act, practice or transaction which constituted dishonest or unethical practices in the securities industry. Contrary to the assertion of the Respondent, her loan from Mr. Pritchard was not an "arms-length" transaction. One party, the Respondent, had an ethical obligation requiring her not to enter into the transaction. We find it appropriate, pursuant to A.R.S. § 44-1962, to correct the conditions of the Respondent's action by ordering restitution in the amount of $98,666.76 (the $400,000 loaned to the Respondent less $121,333.24 already paid by the Respondent and the $180,000 recovered by the sale of the property). We further assess an administrative penalty of $ l,000.00. *See* Exhibit "H" at p. 19, lines 1-9; Declaration of Michelle L. Wagner, ¶ 43.

40. The Arizona Corporation Commission correctly followed a precise statutory formula to calculate the amount of restitution. *See* Exhibit "H" at p. 11, footnote 75.

41. Wagner was ordered by the Arizona Corporation Commission to pay restitution in the amount of $98,666.76. *See* Exhibit "H" at p. 22, lines 27-28.

42. On or about June 2, 2016, Wagner filed a Notice of Appeal for Judicial Review of Administrative Decision against the Arizona Corporation Commission Securities Division, pursuant to A.R.S. §§ 12–901 to 12–914 seeking to have the award of restitution reduced or eliminated. *See* "Administrative Review Orders" filed in ***Michelle Lee Wagner v. Arizona Corporation Commission, Securities Division***, Maricopa County Superior Court Case No. LC2016-000239-001 DT, attached as Exhibit "I"; Declaration of Michelle L. Wagner, ¶¶ 44-45.

**DATED** this 2nd day of August 2016.

**ZEIGLER LAW GROUP, PLC**

/s/ 012427 J. Murray Zeigler
Attorney for Debtor/Defendant

On September 3, 2016, I served the foregoing document described as DEFENDANT MICHELLE WAGNER'S SEPARATE STATEMENT OF FACTS OBJECTING TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT on the following individuals by electronic means through the Court's ECF program:

SCOTT B. COHEN on behalf of Plaintiff PRITCHARD CHARITABLE TRUST
SBC@ENGELMANBERGER.COM , SKR@ENGELMANBERGER.COM

Meaghan K Kramer on behalf of Plaintiff PRITCHARD CHARITABLE TRUST
mxk@eblawyers.com , hla@eblawyers.com

Lorena C Van Assche on behalf of Plaintiff PRITCHARD CHARITABLE TRUST
lvanassche@rcalaw.com , bkline@rcalaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

/s/ 012427 J. Murray Zeigler